**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00344-CR**
_____

**WARREN DEBLANC III, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 75th District Court**
**Liberty County, Texas**
**Trial Cause No. 22DC-CR-00055**
_____

**MEMORANDUM OPINION**

A grand jury indicted Appellant Warren DeBlanc III ("Appellant" or "DeBlanc") for burglary of a habitation with the intent to commit the offense of theft, with an enhancement allegation for a prior felony conviction. *See* Tex. Penal Code Ann. §§ 12.42, 30.02(c)(2). In the jury's presence, DeBlanc pleaded guilty to the offense of burglary of a habitation with the intent to commit the offense of theft, the jury then found DeBlanc guilty of the offense as charged in the indictment, and the trial court accepted the verdict. During the punishment phase, DeBlanc pleaded

1

"true" to the enhancement, the jury found the enhancement to be true, the jury assessed punishment at sixty-five years of confinement, and the trial court accepted the verdict and sentenced DeBlanc in accordance with the verdict. DeBlanc filed a notice of appeal.

On appeal, Appellant's court-appointed attorney filed a brief stating that he has diligently reviewed the record and, based on his professional evaluation of the record and applicable law, there are no arguable grounds for reversal. Appellant's court-appointed attorney also filed a motion to withdraw. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). We granted extensions of time for DeBlanc to file a pro se brief, and we received no response from DeBlanc.

Upon receiving an *Anders* brief, this Court must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.") Therefore, we find it unnecessary to order appointment of new

2

counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We affirm the trial court's judgment.[1]

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on April 27, 2023
Opinion Delivered May 10, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.

---

[1] DeBlanc may challenge our decision in this case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.